IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | CRIMINAL NO. 06-038 (GK) |
| TOWANDA HARRIS | : | |
| Defendant. | : | |

### MEMORANDUM IN AID OF SENTENCING

Defendant Towanda Harris, through counsel, respectfully submits the following Memorandum in aid of her sentencing.

1. On September 27, 2006, Towanda Harris will come before this Court to be sentenced pursuant to her guilty plea to a tax fraud offense in violation of 26 U.S.C. § 7206. According to the Pre-Sentence Report (PSR) prepared by the United States Probation Office, Ms. Harris's Total Offense Level under the United States Sentencing Guidelines is 13 and her Criminal History Category is category I. The PSR concludes that Ms. Harris's sentencing guideline range is 12 to 18 months. Ms. Harris agrees with the guideline calculations in the PSR.

2. With regard to restitution, the PSR concludes that Ms. Harris owes $79,824.00. Without providing any details, the PSR writer indicates that this restitution amount is based on information provided by a Special Agent with the Internal Revenue Service. In this Memorandum, counsel for Ms. Harris argues that there is insufficient evidence to warrant a finding that Ms. Harris owes restitution in the amount stated in the PSR.

3. Ms. Harris also argues in this Memorandum that, pursuant to 18 U.S.C. § 3553(a),

1

a sentence of probation is the most reasonable sentence in this case when considering the various mitigating factors which are present.

## ARGUMENT

**I.    THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, 125 S.Ct. 738 (2005).  While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to Booker, therefore, courts must treat the Guidelines as one, among several, sentencing factor.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme Court in Booker – sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to

comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. After Booker, courts need not justify sentences outside the guideline range by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may exercise their discretion in individual cases and impose sentences which are not within the proposed guideline range.

## II. THERE IS INSUFFICIENT EVIDENCE TO PROVE THAT $79,824.00 IS THE PROPER AMOUNT OF RESTITUTION OWED BY MS. HARRIS.

Undoubtedly, the government bears the burden of "proving any facts that may be relevant to sentencing." United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005). In this case, the government has not met its burden with respect to proving the proper amount of restitution owed by Ms. Harris. While the PSR suggests that the proper amount of restitution owed by Mr. Harris is $79,824.00, the PSR provides no information to justify this amount. The PSR simply states that an Internal Revenue Service agent has "confirmed" that the "tax loss is $79,824." Without more proof, this court cannot order Ms. Harris to pay restitution in the amount suggested by the PSR writer. Ms. Harris understands that she has an obligation to pay restitution in this case and she is willing to pay whatever amount the court orders her to pay. Ms. Harris simply requests that the court determines the amount of restitution based on reliable facts rather than on some unsubstantiated conclusions of a law enforcement agent.

## III. A SENTENCE OF PROBATION IS THE MOST REASONABLE SENTENCE IN THIS CASE.

### A. Background.

Towanda Harris was raised in a low-income Washington, D.C. neighborhood without the presence of her father. During most of her childhood, Ms. Harris resided with her mother in a drug infested and abusive household. Ms. Harris's mother was a drug addict and the boyfriend of Ms. Harris's mother was a drug dealer. PSR, ¶ 42. When Ms. Harris was only about nine years of age, she was badly abused by her mother's drug dealing boyfriend.[1] Ms. Harris describes her childhood

---

[1] The nature of the abuse suffered by Ms. Harris is described in the PSR. Due to privacy concerns, details concerning the abuse will not be discussed in this memorandum.

as "rough" and, especially due to the abuse she suffered, she felt a need to "get away from it all." PSR, ¶ 42.

When Ms. Harris was about fourteen years of age, she was placed to live in the household of a women she describes as her "Godmother." PSR, ¶ 42. After living with her Godmother for about two years, Ms. Harris began heading down a path of involvement in dissatisfying and abusive relationships with various men. PSR, ¶¶ 43-47. As a result of her relationships, Ms. Harris has eight children who range in age from five to fifteen years. PSR, ¶¶ 43-45. Seven of Ms. Harris's eight children currently reside with her[2] and two of her children have a disability. Ms. Harris's seven year old child has been pre-diagnosed with having a form of Autism and Ms. Harris's fifteen year old daughter has been diagnosed with Bi-Polar Disorder. PSR, ¶ 48.

While Ms. Harris was struggling with her relationships and trying to raise several children, she became involved in criminal activity. Ms. Harris was convicted of Attempted Theft II in Superior Court and then she became involved in the instant offense.[3] After Ms. Harris's involvement in these offenses, she began a remarkable road to turning her life around. In January of 2003, Ms. Harris enlisted in the United States Army. PSR, ¶ 59. She was primarily stationed in Germany during her service and she was generally discharged in November of 2004. Id.. In April of 2005, Ms. Harris began working as a security guard with C.E.S. Security. PSR, ¶ 58. Ms. Harris worked as a security guard until February of 2006 and she is now attending school full-time at the University

---

[2] At the time the PSR was prepared all of Ms. Harris's eight children resided with her. However, at Ms. Harris's September 19, 2006 Family Court hearing, the parties agreed that Ms. Harris's oldest daughter should reside with her father.

[3] The one prior conviction and the instant case are the only convictions in Ms. Harris's criminal record.

of the District of Columbia. PSR, ¶¶ 56 & 57. Ms. Harris is working on her Bachelor's degree in Psychology at this university. PSR, ¶ 56.

Although Ms. Harris has been making tremendous efforts to improve her life over the past few years, Ms. Harris will be appearing before this court for sentencing in relation to inexcusable conduct she engaged in about five to seven years ago. When recently confronted with her conduct, Ms. Harris quickly accepted responsibility for her actions and she entered into a guilty plea in this case. Ms. Harris seriously regrets her behavior of five to seven years ago and she is extremely remorseful for what she has done. At sentencing, Ms. Harris is hoping that the court will impose a non custodial sentence so that she will not be removed from her children and so she continue her pursuit for a Bachelor's degree at the University of the District of Columbia.

### B.     18 U.S.C. § 3553(a) Factors.

A sentence of probation will more than adequately reflect the seriousness of Ms. Harris's offense. See 18 U.S.C. § 3553(a)(2)(A). Ms. Harris's offense is a non-violent offense and her felony conviction for the commission of this non-violent offense is considered a serious punishment by Ms. Harris. This case has resulted in Ms. Harris's only felony conviction and she will suffer greatly from the rights she will lose as a consequence of her conviction and from now having the label of a convicted felon. Being placed on probation as an added punishment to her felony conviction is serious punishment for Ms. Harris and it is a sentence which will adequately reflect the seriousness of the offense. For these same reasons, a sentence of probation is also consistent with promoting respect for the law and with providing just punishment for Ms. Harris's offense. See 18 U.S.C. § 3553(a)(2)(A).

Considering that a non-custodial resolution of this case will have a tremendous impact on

the quality of Ms. Harris's life, a sentence of probation will provide ample deterrence for Ms. Harris and anyone else who may consider committing a similar crime. See 18 U.S.C. § 3553(a)(2)(B). With a sentence of probation, Ms. Harris will have to regularly report to an officer of the court and there will be certain restrictions placed on Ms. Harris's liberty while she is on probation.

Considering that Ms. Harris's conduct occurred a few years ago and considering the tremendous improvements she has made to her life since her commission of the instant offense, it is very unlikely that Ms. Harris will commit any criminal conduct in the future. Therefore, a sentence of probation will adequately protect the community from any further crimes on the part of Ms. Harris. 18 U.S.C. § 3553(a)(2)(C).

Finally, when considering the nature and circumstances of the offense along with the history and characteristics of Ms. Harris,[4] a sentence of probation is warranted. As discussed above, Ms. Harris committed the instant offense at a time in her life when she was having difficulty in her personal life and while she was trying to raise several children. Since the offense, Ms. Harris has accepted responsibility for her conduct and she has shown that she can live a productive and responsible life. Ms. Harris is now handling her extraordinary family obligations with great responsibility. She is successfully juggling her ambitious educational goals with her hefty responsibility of being the primary care taker for seven children. Any sentence which removes Ms. Harris from the community will only disrupt her progress and will be a traumatic event for her family. If placed on probation, Ms. Harris will be allowed to continue her education at the university and she will be able to adequately provide for her large family.

---

[4] See 18 U.S.C. § 3553(a)(1).

**C.     Conclusion**.

For the reasons discussed above, a sentence of more than probation would be greater than necessary to satisfy the statutory purposes of sentencing. See 18 U.S.C. § 3553(a). A sentence of probation is a just and fair sentence in this case. Therefore, a sentence of probation is the most reasonable resolution of this matter.[5]

<div style="margin-left: 3em;">
Respectfully submitted,<br>
A.J. Kramer<br>
Federal Public Defender<br>
<br>
<br>
_____/s/_____<br>
Tony W. Miles<br>
Assistant Federal Public Defenders<br>
625 Indiana Avenue, N.W.<br>
Washington, D.C.  20004<br>
(202) 208-7500
</div>

---

[5] In the event this court feels that a sentence of probation without any community confinement is not punitive enough in this case, the court has the option of sentencing Ms. Harris to a period of probation with a condition that a certain period of her probation be served on home detention with electronic monitoring.