UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. CR-06-038-01 (GK) |
| : | |
| TOWANDA HARRIS, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant within the Guidelines range calculated in the PSR.

**I.   BACKGROUND**

On February 10, 2006, the defendant was indicted in twenty-one count indictment relateing to the preparation of false income tax returns. On June 28, 2006, defendant Towanda Harris ("defendant") pled guilty to count 17 of the indictment, aiding in the preparation of false income tax returns in violation of Title 26 United States Code Section 7206(2). During her plea colloquy, defendant admitted that from 1999 through in or about 2001 she worked as a paid tax preparer at several Jackson Hewitt Tax Service franchises, including the franchise located at 2400 14th St., N.W., Washington, DC, and worked as a self-employed return preparer doing business as Harris Ink & Associates. While working as a tax preparer, defendant, in an effort to maximize her business and income, prepared fraudulent income tax returns using an earned income credit scheme and a false deduction scheme in order to allow her clients to receive tax refunds or to receive larger refunds that the clients were not entitled to by law.

The Earned Income Credit program is designed to assist low-income working individuals and to encourage people to work. To qualify, a taxpayer must meet certain requirements. One such requirement is that the taxpayer must have actually earned a certain amount of income either by working for an employer or by working while self-employed.

In order to claim Earned Income Credits in amounts that her clients were not entitled to receive, Defendant made up income, withholdings and employers for clients who were unemployed or earned minimal income. In support of the fictional numbers, defendant provided fraudulent wage and tax statements (IRS "W-2" form) and fraudulent business profit or loss statements (IRS "Schedule C" form).

Specifically, defendant acknowledged intentionally misstating the earned income credit for the following taxpayers and in the following amounts:

| COUNT | DATE OF OFFENSE | TAXPAYER | FORM/ TAX YEAR | MATERIAL MATTER | REPORTED AMOUNT |
|---|---|---|---|---|---|
| 1 | 4-15-02 | P.D.1 | 1040/2001 | Earned Income Credit (Line 61a) | $3,990 |
| 2 | 4-15-02 | P.D.2 | 1040/2001 | Earned Income Credit (Line 61a) | $4,008 |
| 3 | 4-15-02 | B.W. | 1040/2001 | Earned Income Credit (Line 61a) | $4,008 |
| 4 | 4-15-02 | G.D | 1040/2001 | Earned Income Credit (Line 61a) | $3,110 |
| 5 | 4-15-02 | L.L | 1040/2001 | Earned Income Credit (Line 61a) | $3,110 |
| 6 | 4-15-02 | K.H.1 | 1040/2001 | Earned Income Credit (Line 61a) | $4,008 |
| 7 | 4-15-02 | S.T. | 1040/2001 | Earned Income Credit (Line 61a) | $2,428 |
| 8 | 4-15-02 | L.T. | 1040/2001 | Earned Income Credit (Line 61a) | $4,008 |
| 9 | 4-15-00 | C.W | 1040/1999 | Earned Income Credit (Line 59a) | $3,816 |

| COUNT | DATE OF OFFENSE | TAXPAYER | FORM/ TAX YEAR | MATERIAL MATTER | REPORTED AMOUNT |
|---|---|---|---|---|---|
| 10 | 4-15-01 | C.W. | 1040/2000 | Earned Income Credit (Line 60a) | $2,353 |
| 11 | 4-15-02 | P.C. | 1040/2001 | Earned Income Credit (Line 61a) | $3,710 |
| 12 | 4-15-02 | K.B. | 1040/2001 | Earned Income Credit (Line 61a) | $4,008 |
| 13 | 4-15-02 | V.V. | 1040/2001 | Earned Income Credit (Line 61a) | $3,450 |
| 14 | 4-15-02 | S.W. | 1040/2001 | Earned Income Credit (Line 61a) | $3,937 |

In addition to earned income, defendant also prepared false tax returns claiming either inflated or fabricated itemized deductions on the false itemized deductions (IRS "Schedule A") form. Inflated or fabricated itemized deductions included medical expenses, gifts to charity, job expenses or other miscellaneous deductions. Defendant claimed the Schedule A false expenses to reduce her clients' tax liability and cause her clients to receive tax refunds they were not entitled to by law or to cause her clients to receive larger tax refunds than her clients were entitled to by law.

Specifically, defendant acknowledged intentionally misstating the deductions for the following taxpayers and in the following amounts:

| COUNT | DATE OF OFFENSE | TAXPAYER | FORM/ TAX YEAR | MATERIAL MATTER | REPORTED AMOUNT |
|---|---|---|---|---|---|
| 15 | 4-15-00 | D.W. | 1040/1999 | Itemized Deductions (Line 36, from Schedule A) | $46,649 |
| 16 | 4-15-01 | D.W. | 1040/2000 | Itemized Deductions (Line 36, from Schedule A) | $47,476 |
| 17 | 4-15-02 | D.W. | 1040/2001 | Itemized Deductions (Line 36, from Schedule A) | $34,768 |
| 18 | 4-15-00 | L.R. | 1040/1999 | Itemized Deductions (Line 36, from Schedule A) | $36,363 |
| 19 | 4-15-01 | L.R. | 1040/2000 | Itemized Deductions (Line 36, from Schedule A) | $41,444 |

| 20 | 4-15-02 | K.H.2 | 1040/2001 | Itemized Deductions (Line 36, from Schedule A) | $11,681 |

Finally, for one tax payer, defendant used a combination of schemes in the preparation of a false tax return. Defendant prepared a return for tax payer V.G. knowing that the return did not accurately report said wages, business loss, deductions and amount overpaid.

## II.   SENTENCING STANDARDS

In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment, as construed in <u>Blakely v. Washington</u>, 532 U.S. 296 (2004), applies to the federal Sentencing Guidelines. Accordingly, the Supreme Court "imposed a global remedy for the Sixth Amendment difficulties with the Sentencing Guidelines, invalidating their mandatory application and instead requiring district courts to consult them in an advisory fashion." <u>United States v. Labastida-Segura</u>, 396 F.3d 1140, 1142 (10th Cir. 2005). Although the judge must also weigh the factors enunciated in 18 U.S.C. § 3553(a), "it is important to bear in mind that *Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice to be consulted or overlooked at the whim of a sentencing judge." <u>United States v. Crosby</u>, 397 F.3d 103, 113 (2d Cir. 2005). "<u>Booker</u> requires judges to engage in a two-step analysis to determine a reasonable sentence." <u>United States v. Doe</u>, 412 F. Supp.2d. 87, 90 (D.D.C. 2006).

> [A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

<u>Id.</u> (quoting <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005)). In the wake of <u>Booker</u>, several federal circuit courts have held that a sentence within the properly calculated Guidelines

range is presumptively reasonable.[1]  Booker made clear, however, that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." Booker 543 U.S. at 264.

As for the second step of the Booker sentencing analysis, when weighing the § 3553(a) factors as part of its calculation of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives – that is, that the sentence (1) reflects the seriousness of the offense; (2) promotes respect for the law; (3) provides just punishment; (4) affords adequate deterrence; (5) protects the public; and (6) effectively provides the defendant with needed educational or vocational training and medical care. See 18 U.S.C. § 3553(a)(1) and (2).

### III.    SENTENCING CALCULATION

#### A    Statutory Maxima

The defendant pled guilty to one count Aiding in the Preparation of False Tax Return, in violation of Title 26, United States Code, Section 7206(2). The maximum sentence for each count is three years confinement and the maximum fine is $100,000.

#### B.    Sentencing Guideline Calculation

The government and the defendant agree to the Guidelines calculations utilized in the Presentence Report ("PSR") which correctly calculate the defendant's total offense level at 13. See

---

[1] See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006); United States v. Williams, 436 F.3d 706, 708 (6th Cir. 2006); United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005); United States v. Lincoln, 413 F.2d 716, 717 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005). See also United States v. Cooper, 437 F.3d 324, 330-31 (3rd Cir. 2006) ("While we review for reasonableness whether a sentence lies within or outside the applicable guidelines range . . . it is less likely that a within-guidelines sentence, as opposed to an outside guidelines sentence, will be unreasonable.").

PSR ¶ 33. This includes the base offense level of fourteen pursuant to U.S.S.G. § 2T1.4(a)(1). There is an additional two-point enhancement because the defendant was in the business of preparing or assisting in the preparation of tax returns. U.S.S.G. § 2T1.4(b)(1)(B). The government moves for a three point reduction for acceptance of responsibility which yields a total offense level of 13. The PSR also has calculated correctly the defendant's criminal history as Category I. See PSR ¶ 36. Therefore the guideline range for defendant is correctly calculated in the PSR as 12 - 18 months. See PSR ¶ 65. For the reasons set forth, infra §III of this Memorandum, the government respectfully recommends that the Court sentence the defendant at the bottom of the Guidelines range calculated in the PSR.

IV. **DEFENDANT SHOULD BE SENTENCED AT THE LOW END OF THE GUIDELINE RANGE AS CALCULATED IN THE PSR**.

A) In this case, the defendant admitted preparing false income returns while, depending on the client's circumstances, using a variety of different schemes. The government and the defendant stipulated to a tax loss under $80,000.[2] The parties agree that the guidelines are correctly calculated in the PSR.

B) In determining the appropriate sentence, the Court "shall consider . . . the need for

---

[2] The definition of "tax loss" is set forth in Section 2T1.1 of the guidelines. In cases involving the filing of a false return, the "tax loss" is defined as "the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed). U.S.S.G. § 2T1.1(c)(1). Furthermore, in determining total tax loss, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, n.2. Therefore, tax losses resulting from uncharged conduct may be considered. See United States v. Bove, 155 F. 3d 44 (2d Cir. 1998); United States v. Chaikin, 960 F.2d 171,173 (D.C. Cir. 1992). It is appropriate for the Court to consider the returns prepared by the defendant that were formally charged in this case but not included in the count of conviction since all of the counts in the indictment were clearly part of the same course of conduct.

the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Given the defendant's prior criminal history, quick acknowledgment of responsibility and cooperation with the investigation, the government recommends that the Court sentence the defendant to a period of incarceration at the low end of the guideline range. Leniency is best expressed through a Guidelines sentence thus taking into account the circumstances of the defendant while simultaneously ensuring that a benchmark exists providing a measure of uniformity: all similarly situated defendants should receive similar sentences. Accordingly, the government believes that a term of incarceration at the low end of the prescribed Guideline range is appropriate and will give both the government and the defendant the benefit of the bargain negotiated.

V.      **RESTITUTION**

The victim organization has documented a loss of $79,824. As the PSR states, the Court shall order full restitution to the victims without consideration of the economic circumstances of the defendant. Accordingly, the government requests that the Court order restitution in the amount of $79,824 to the IRS. The defendant objects to the figure. The restitution is based on tax due and owing for the fraudulent returns admitted to by the defendant in the statement of facts. Attachment A is a spreadsheet summarizing IRS Special Agent Maryann Veloso's calculation of tax due and owing by filer.

## VI. CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the defendant to a term of incarceration at the low end of the prescribed range of 12 - 18 months and further that the Court order the defendant to pay full restitution at the conclusion of any term of incarceration.

Respectfully submitted,
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
JOHN P. CARLIN
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2457

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Memorandum in Aid of Sentencing has been served by fax upon counsel for defendant.

_____
JOHN CARLIN
ASSISTANT U.S. ATTORNEY